**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **LARRY LYNN ROBINSON,** ) <br> also known as Larry L. Robinson, ) <br> ID # 1955575, ) <br>      Petitioner, ) <br> vs. ) <br> ) <br> **WILLIAM STEPHENS,** [1] **Director,** ) <br> **Texas Department of Criminal** ) <br> **Justice, Correctional Institutions Division,** ) <br>      Respondent. ) | No. 3:15-CV-2941-N (BH) <br><br> Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the case should be **DISMISSED** without prejudice for failure to exhaust state remedies.

**I. BACKGROUND**

Larry Lynn Robinson (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, filed a petition for habeas corpus relief under 28 U.S.C. § 2254 that was received on September 9, 2015. He named as respondent Rissie Owens, Chairman, Texas Board of Pardons and Paroles. (doc. 2. at 1.)

Petitioner challenges his July 30, 2014 conviction for theft in case F-14-51103-Y in the 204th Judicial District Court of Dallas County, Texas. (doc. 3, at 1.) He filed a direct appeal to the Court of Appeals of Dallas, *Robinson v. Texas,* No. 05-14-01064-CR, that remains pending. (doc. 2, at 8); *see* www.search.txcourts.gov/Case.aspx?cn=05-14-01064-CR&COA=coa05&p=1 (September 10, 2015 Order granting State's motion for extension of time to file a brief until October 6, 2015). He

---

[1] *See* Section II *supra*.

has also filed two state writ applications for habeas corpus; the first was dismissed by the Texas Court of Criminal Appeals on February 11, 2015, because of the pending direct appeal. (doc. 2, at 4); *see* www.search.txcourts.gov/Case.aspx?cn=WR-30,402-14&coa=coscca&p=1. The second 11.07 application was denied by the Texas Court of Criminal Appeals without written order on August 19, 2015, although the State again argued that it should be dismissed due to the pending appeal. (doc. 2, at 11-39 (Exhibits A and B)); *see* www.search.txcourts.gov/Case.aspx?cn=WR-30,402-15&coa=coscca&p=1.

Petitioner filed two prior § 2254 petitions challenging this same conviction, and each was dismissed without prejudice for lack of exhaustion. *See Robinson v. Stephens,* No.3:15-CV-1453-D (docs. 10, 11); *Robinson v. Stephens,* No.3:15-CV-453-P. (docs. 12, 13.) He now again challenges this conviction and alleges several grounds for relief. (doc. 2, 6-7.)

## II. PROPER RESPONDENT

"The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner]'." *Rumsfield v. Padilla*, 542 U.S. 426, 434 (2004), quoting 28 U.S.C. § 2242; *see also* Rule 2(a) of the Rules Governing Section 2254 Cases ("the petition must name as respondent the state officer who has custody" of petitioner). Generally, the only proper respondent is "'the person' with the ability to produce the prisoner's body before the habeas court'". 542 U.S. at 434-35. "In habeas challenges to present physical confinement-'core challenges'-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Id.* at 435.

Here, because Petitioner challenges his conviction and issues arising from his incarceration in the TDCJ-State Jail Division under § 2254, either the warden of the institution where he is

2

incarcerated or the chief officer in charge of state penal institutions (William Stephens) is a proper respondent. *See id.;* Advisory Committee Notes to Rule 2(a) ("The proper person to be served in the usual case is either the warden of the institution in which the petitioner is incarcerated or the chief officer in charge of state penal institutions."). William Stephens, the Director of the TDCJ Correctional Institutions Division should therefore should be substituted as the only named respondent, and the Clerk of Court should be directed to remove Rissie Owens as a respondent.

### III. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. To exhaust in accordance with § 2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court.

*Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, Petitioner has not fairly presented all of the claims he raises in his federal petition to the Texas Court of Criminal Appeals. He acknowledges that his direct appeal remains pending. (doc. 2, at 8.) He has not shown that he has obtained a final resolution of his claims from the Texas Court of Criminal Appeals. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is therefore not entitled to habeas corpus relief for failure to exhaust his state remedies.

## IV. RECOMMENDATION

The Clerk of Court should be directed to remove and terminate Rissie Owens as respondent, and replace him with Williams Stephens, and the petition for habeas corpus relief under 28 U.S.C. § 2254 should be **SUMMARILY DISMISSED** without prejudice.

**SIGNED on this 18th day of September, 2015.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE